■ In the Matter of the Claim of REGINA A. FELDSTEIN, Respondent. FEATHERED NEST, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [678 NYS2d 162] —Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 27, 1996, which, *inter alia*, ruled that Feathered Nest, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

Claimant worked as a sales representative and broker for Feathered Nest, Inc., a real estate brokerage firm. Her job was

to negotiate the rental of apartments in Manhattan. Feathered Nest directed claimant's work activities by requiring her to be accessible during business hours and wear a beeper. In addition, claimant was to submit detailed reports of her business activities, to attend staff meetings, work weekends on a rotating basis and obtain permission before working for other agencies. She was twice placed on probation for her failure to generate a sufficient amount of business. Other indicia of employment included Feathered Nest's providing claimant with training, client leads, business cards, stationery supplies, office space, a telephone, a computer and support staff.

We conclude that substantial evidence supports the Unemployment Insurance Appeal Board's finding of an employment relationship in this matter (see, Matter of 12 Cornelia St. [Ross], 56 NY2d 895, 897).*

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* While Labor Law § 511 (19) provides that, under certain circumstances, real estate agents shall not be eligible for benefits, it is inapplicable in this instance because claimant's employment contract did not provide that she was free to determine her own schedule, to accept outside employment or to work from her residence (see, Matter of Nanwani [Greer Real Estate—Hudacs], 193 AD2d 1023).