*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 9, 2015                    519720
_____

In the Matter of the Claim of
    NICOLE S. LEE,
                    Respondent.

ENCORE NATIONWIDE INC.,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 24, 2015

Before:  Lahtinen, J.P., Egan Jr., Rose and Clark, JJ.

                    _____

        Brody & Associates, LLC, Westport, Connecticut (Robert G.
Brody of counsel), for appellant.

        McNamee, Lochner, Titus & Williams, PC, Albany (Francis J.
Smith of counsel), for Nicole S. Lee, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Commissioner of Labor,
respondent.

                    _____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed November 20, 2013, which ruled, among other things,
that Encore Nationwide Inc. is liable for unemployment insurance
contributions on remuneration paid to claimant and others
similarly situated.

        Encore Nationwide Inc. challenges a decision of the
Unemployment Insurance Appeal Board finding, among other things,
that claimant and others similarly situated were its employees,

not independent contractors, for whom is it liable for unemployment insurance contributions. Based upon a thorough review of the record before us, we are compelled to find that the Board's decision is not supported by substantial evidence and, therefore, it must be reversed.

Encore is an event staffing company that refers individuals, which it calls brand ambassadors, to clients that want to promote a product or service at an event. Claimant worked as a brand ambassador. Encore maintains a database that contains postings of client events as well as a list of brand ambassadors. Encore assembles the list by having the brand ambassadors, most of whom are promotional models, complete a registration form, a W9-form and a profile containing specific information about themselves. When client events are posted on Encore's website, those interested in working the event express their interest and the client selects them from the database. The client then informs Encore which, in turn, bills the client for services rendered as well as an agency fee after the event is concluded.

In determining whether an employment relationship existed between Encore and its brand ambassadors, the pertinent inquiry is whether Encore exercised control "over the results produced or the means used to obtain those results, with control over the latter being the more important factor to consider" (Matter of Holleran [Jez Enters., Inc.—Commissioner of Labor], 98 AD3d 757, 758 [2012]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Smith [College Network Inc.—Commissioner of Labor], 109 AD3d 1058, 1059 [2013]). Here, the evidence reveals that Encore retained little or no control over either the means or results of the work performed by the brand ambassadors. Significantly, Encore did not conduct interviews, auditions or background checks, did not review credentials or set the rate of pay, did not provide training or supervision at events, did not establish work schedules, did not supply equipment, clothing or props and did not evaluate performance. Notably, it was the clients who directed the brand ambassadors by providing them with instruction on how to promote the specific products or services. Contrary to claimant's suggestion, there is nothing to indicate that these

clients were acting as agents of Encore.  Accordingly, inasmuch as we find the requisite control lacking, we reverse the Board's decision (see Matter of Richins [Quick Change Artistry, LLC—Commissioner of Labor], 107 AD3d 1342, 1344 [2013]; Matter of Best [Lusignan—Commissioner of Labor], 95 AD3d 1536, 1537-1538 [2012]; compare Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1261 [2014]).  In light of the foregoing, we need not address Encore's remaining claims.

Lahtinen, J.P., Egan Jr., Rose and Clark, JJ. concur.


ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court