*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015          520110
_____

In the Matter of the Claim of
    CARMINE FRANCO,
                    Respondent.

PYRO ENGINEERING INC., Doing          MEMORANDUM AND ORDER
    Business as BAY FIREWORKS,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  October 13, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Clark, JJ.

_____


        Lawrence B. Goodman, New York City, for appellant.

        Michelle I. Rosien, Philmont, for Carmine Franco,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

_____


Clark, J.

        Appeals from three decisions of the Unemployment Insurance
Appeal Board, filed February 12, 2014, which ruled, among other
things, that Pyro Engineering Inc. was liable for additional
unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

        Pyro Engineering Inc. (hereinafter PEI) is engaged in the
business of providing professional fireworks displays to clients

that include municipalities, theme parks, private clubs and individuals. In connection therewith, PEI retained the services of lead technicians, who are in charge of producing the fireworks displays, and pyrotechnicians, who assist the lead technicians with these productions. Claimant, a pyrotechnician, begin working on PEI's displays in 2006 after being introduced to PEI through a lead technician. The Department of Labor undertook an audit of PEI's operations during 2006 and 2007 to determine those individuals for whom it might be liable for unemployment insurance contributions. As a result, the Department issued initial determinations finding that claimant and other similarly situated pyrotechnicians were employees of PEI for whom it was liable for additional contributions and it assessed PEI $11,822.11 for contributions covering the period January 1, 2006 through December 31, 2007. PEI objected and following extended proceedings, including a hearing before an Administrative Law Judge, the Unemployment Insurance Appeal Board ultimately sustained the initial determinations and found that claimant was an employee of PEI eligible to receive benefits. PEI appeals and we reverse.[1]

Initially, "[i]t is well settled that the existence of an employment relationship turns upon the control exercised by the employer over the results produced or the means used to obtain those results, with control over the latter being the more important factor to consider" (Matter of Holleran [Jez Enters., Inc.—Commissioner of Labor], 98 AD3d 757, 758 [2012]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). Notably, incidental control over the results produced, without more, is not sufficient to establish an employment relationship (see Matter of Chan [Confero Consulting Assoc., Inc.—Commissioner of Labor], 128 AD3d 1124,

_____

   [1]  Three cases stemming from separate initial determinations were combined for purposes of the administrative hearing and the appeal. They involve similar issues, namely, claimant's eligibility for benefits, PEI's liability for additional unemployment contributions based upon remuneration paid to claimant and others similarly situated and the amount of additional contributions owed by PEI.

1125 [2015]; Matter of Richins [Quick Change Artistry, LLC—Commissioner of Labor], 107 AD3d 1342, 1344 [2013]).

Here, claimant did not submit a resume or employment application and did not undergo a job interview, but was retained by PEI through his contact with a lead technician and worked on PEI's displays intermittently over a five-year period. PEI relied on lead technicians, who were independent contractors, to oversee the production of the fireworks displays and they directed and supervised the pyrotechnicians involved in a particular project. Claimant's duties as a pyrotechnician included picking up the fireworks supplies, setting up the displays, igniting the fireworks, breaking down the displays and cleaning up. PEI did not attend the fireworks displays, but limited its activities to securing the sponsors, designing the shows and providing the fireworks and other necessary equipment. The lead technicians negotiated the price for production services with PEI and submitted invoices instructing PEI how much to pay the pyrotechnicans involved. PEI solicited assignments one at a time and the lead technicians and pyrotechnicians were free to refuse assignments and work for competitors. Although PEI offered to provide training, it was training that was required by regulatory agencies and could be obtained elsewhere. Furthermore, the lead technicians and pyrotechnicans did not wear clothing or other attire identifying them with PEI, but instead wore T-shirts designating them as "staff" that were required by law. Under the circumstances presented, the indicia of control necessary to establish the existence of an employment relationship between PEI and the pyrotechnicans, like claimant, is clearly lacking (see e.g. Matter of Lee [Encore Nationwide, Inc.—Commissioner of Labor], 127 AD3d 1399, 1399-1400 [2015]; Matter of Columbia Artists Mgt. LLC. [Commissioner of Labor], 109 AD3d 1055, 1057-1058 [2013]). Accordingly, the Board's decisions finding otherwise must be reversed.

Lahtinen, J.P., Garry and Egan Jr., JJ., concur.

ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court