*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 6, 2016                    521970
_____

In the Matter of the Claim of
    ERROL P. CAMPBELL,
                    Respondent.

TDA INDUSTRIES, INC.,                        MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:   September 12, 2016

Before:   Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

_____


        Eaton & Van Winkle LLP, New York City (Steven W. Wolfe of
counsel), for appellant.

        Eric B. Kaviar, New York City, for Errol P. Campbell,
respondent.

_____


Clark, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed January 29, 2015, which ruled that claimant
was entitled to receive unemployment insurance benefits.

        TDA Industries, Inc. operates an indoor tennis club located
in Manhattan.  Claimant was a tennis pro who provided individual
and group lessons to TDA's clients from 1988 to 2013.  After
claimant was terminated from TDA, he applied for unemployment
insurance benefits, and the Department of Labor denied his
application upon finding, among other things, that he was an
independent contractor and not an employee of TDA.  Following a

hearing at which TDA failed to appear, an Administrative Law Judge overruled the Department's determination, finding that claimant was TDA's employee.  TDA successfully moved to reopen the hearing, and, after another hearing, the Administrative Law Judge once again found that claimant was an employee.  The Unemployment Insurance Appeal Board affirmed that decision and concluded that claimant was entitled to benefits.  TDA appeals.

We affirm.  "[I]t is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Raynor [Synchronicity, Inc.– Commissioner of Labor], 135 AD3d 1261, 1261 [2016]; see Matter of DeVaul [Guardi–Commissioner of Labor], 138 AD3d 1371, 1371 [2016]).  "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results" – with the latter being the more important factor (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; accord Matter of Waggoneer [Preston Leasing Corp.–Commissioner of Labor], 137 AD3d 1380, 1380 [2016]).

The testimony at the hearing established that TDA is solely responsible for setting the court rental and lesson fees, scheduling lessons, assigning tennis pros to clients who sign up for lessons and dictating which particular tennis court is to be used for each lesson.  For certain group lessons, TDA even directs what type of stroke the tennis pros must teach.  If a client is dissatisfied with a tennis pro's services, the complaint is handled by TDA.  In addition, in the event that a tennis pro is unable to attend a scheduled lesson, TDA facilitates the rescheduling of the lesson or the coordinating of a substitute tennis pro to teach the lesson.  According to the testimony of claimant and another tennis pro, which the Board explicitly credited, if a tennis pro misses a scheduled lesson and the court cannot be rented to another client, TDA deducts the cost of the court rental fee from the tennis pro's weekly earnings.

As for payment, each tennis pro is paid per lesson and the pay rate varies depending on, among other things, the pro's

certifications.  Nonseasonal clients pay their court rental and lesson fees directly to TDA and TDA pays the tennis pros by check once a week.  Seasonal clients — i.e., clients who reserve a court for an entire season — pay their court rental fee up front and then pay the tennis pros directly for each lesson at a rate suggested by TDA and set forth in a contract between TDA and the client.  Overall, despite the existence of proof in the record that could result in a contrary finding (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]), we find that the record contains substantial evidence to support the Board's decision that TDA exercised sufficient control over claimant's work so as to be considered his employer (see Matter of Raynor [Synchronicity, Inc.—Commissioner of Labor], 135 AD3d at 1262; Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 119 AD3d 1314, 1314-1315 [2014], lv granted 24 NY3d 909 [2014]; Matter of Human Performance, Inc. [Commissioner of Labor], 28 AD3d 971, 972 [2006]; compare Matter of Cohen [Classic Riverdale, Inc.—Commissioner of Labor], 136 AD3d 1179, 1180-1181 [2016]).  Finally, we find unavailing TDA's assertion that claimant should be estopped from claiming that he was an employee given that he deducted expenses on his federal tax return as if he were self-employed (see Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.—Commissioner of Labor], 16 AD3d 882, 883 [2005]).

Egan Jr., J.P., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court