*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 6, 2016                521913
_____

In the Matter of the Claim of
    JACOB BERGER,
                    Respondent.

GAIL & RICE, INC.,                      MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   September 16, 2016

Before:   Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

_____

        Clark Hill PLC, Detroit, Michigan (Andrew C. Richner of
counsel), for appellant.

        Salvatore C. Adamo, Albany, for Jacob Berger, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Mary
Hughes of counsel), for Commissioner of Labor, respondent.

_____

Peters, P.J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed December 23, 2014, which ruled, among other
things, that Gail & Rice, Inc. was liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

        Gail and Rice, Inc. (hereinafter G & R) is an entertainment
and communication business located in Michigan that primarily
secures brand ambassadors for its clients, mostly automotive

companies, to market and promote client products in live settings. Claimant, an actor with experience as a brand ambassador, was hired to work a one-day promotional event for a client of G & R, a food company, in New York City on New Year's Eve in 2013. After claimant applied for unemployment insurance benefits, G & R objected, claiming that he was an independent contractor and not an employee. A hearing was held and the Unemployment Insurance Appeal Board ultimately determined that claimant was an employee of G & R and assessed additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated in the fourth quarter of 2013. G & R now appeals.

We have reviewed the record and conclude that the Board's determination that claimant was an employee of G & R is not supported by substantial evidence (see Matter of Lee [Encore Nationwide Inc.—Commissioner of Labor], 127 AD3d 1399, 1399 [2015]). In determining whether an employer-employee relationship existed, the dispositive inquiry is whether "the [purported] employer exercise[d] control over the results produced or the means used to achieve the results," although "control over the means is the more important factor to be considered" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks and citation omitted]; see Matter of Ritch [Island Tutoring Ctr., Inc.—Commissioner of Labor], 139 AD3d 1151, 1152 [2016]). Here, the uncontroverted testimony of G & R's account executive established that G & R did not train or instruct claimant on his duties for this event, was not present on the event day and lacked any authority to and did not supervise claimant or the means by which he performed these duties for the client. G & R advertised the position on a Facebook page for brand ambassadors, using information about the event position provided by the client, and it received via email resumes and accompanying photographs from applicants, which it reviewed and submitted to the client, which selected its brand ambassadors. Claimant was free to decline the position and was permitted to and had worked for other brand promoters; after the client selected claimant and other individuals for this event, G & R provided them with written show information and guidelines supplied by the client, which outlined the details and

expectations for the event.

G & R also sent claimant a welcome letter agreement – that the parties signed – designating him as an independent contractor and that required, among other provisions, that any substitutes be approved; it also set forth the client's expectations and rules.[1]  G & R paid claimant $25 per hour plus a per diem, which was based upon the client's advertising budget, and he received no fringe benefits; G & R paid claimant by check provided that its client paid for his services, and he was issued an IRS 1099 form.  Prior to the event day, the client held a conference call with claimant and the other brand ambassadors, during which it instructed them about the new brand that it was promoting and the goals of the event, its expectations and their duties at the event.  On the day of the event, the client provided all of the equipment and supplies, as well as the wardrobe bearing its logo for the event, including a tuxedo, identification badge, hat and shoes; the client also reviewed its expectations with the brand ambassadors, provided them with "talking points" to promote its product and instructed them how to perform their job, and its managers thereafter supervised their performance during the event (see Matter of Lee [Encore Nationwide Inc.–Commissioner of Labor], 127 AD3d at 1399-1400).  We disagree with the Board's conclusion, on these facts, that the client was acting as the agent of G & R (see id. at 1400; compare Matter of Victor [Aubrey Organics, Inc.–Commissioner of Labor], 116 AD3d 1327, 1328 [2014]).  Given the evidence that G & R exercised little, if any, control over the means used or the results produced by the brand ambassadors, we reverse the Board's decisions (see Matter of Lee [Encore Nationwide, Inc.–Commissioner of Labor], 127 AD3d at 1400).  In light of our decision, we need not reach G & R's remaining contentions.

---

[1]  While the agreement provided that Michigan law governed, the issue here is not one of contract interpretation but, rather, a determination as to claimant's entitlement to unemployment insurance benefits in New York and G & R's obligation for unemployment insurance contributions on remuneration paid in New York to claimant and others similarly situated, which is governed by the laws of New York.

McCarthy, Garry, Clark and Aarons, JJ., concur.


ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.




ENTER:

Robert D. Mayberger
Clerk of the Court