OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to that Court with directions to remand to respondent for further proceedings in accordance with this memorandum.
Yoga Vida NYC, Inc. operates a yoga studio in Manhattan. It offers classes taught by both staff instructors and non-staff instructors, and classifies the latter as independent contractors. In May 2010, the Commissioner of Labor issued a determination that Yoga Vida was liable for additional unemployment contributions, effective October 1, 2009, based on its finding that the non-staff instructors are employees. *1015 Yoga Vida disputed that determination. A hearing was held before an administrative law judge (ALJ), who sustained Yoga Vida’s objection, concluded that the non-staff instructors are independent contractors and overruled the determination. The Commissioner appealed the ALJ’s decision to the Unemployment Insurance Appeal Board. The Board overruled Yoga Vi-da’s objection, reversed the decision of the ALJ, and sustained the Commissioner’s initial determination that Yoga Vida is liable for additional unemployment contributions. Yoga Vida appealed to the Appellate Division, which affirmed the determination of the Appeal Board, holding that “[o] ver all, despite the existence of evidence that could result in a contrary result, the record contains substantial evidence to support the Board’s decision that Yoga Vida had sufficient control over the instructors’ work, thereby allowing for a finding of an employer-employee relationship” (119 AD3d 1314, 1315 [3d Dept 2014]).
“[Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). Here, because the record as a whole does not demonstrate “that the employer exercises control over the results produced . . . [and] the means used to achieve the results” (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004] [citation omitted]), the Board’s determination that the company exercised sufficient direction, supervision and control over the instructors to demonstrate an employment relationship is unsupported by substantial evidence.
The non-staff instructors make their own schedules and choose how they are paid (either hourly or on a percentage basis). Unlike staff instructors, who are paid regardless of whether anyone attends a class, the non-staff instructors are paid only if a certain number of students attend their classes. Additionally, in contrast to the staff instructors, who cannot work for competitor studios within certain geographical areas, the studio does not place any restrictions on where the non-staff teachers can teach, and the instructors are free to inform Yoga Vida students of classes they will teach at other locations so the students can follow them to another studio. Furthermore, only staff instructors, as distinct from non-staff instructors, are required to attend meetings or receive training.
*1016 The proof of incidental control relied upon by the Board, including that Yoga Vida inquired if the instructors had proper licenses, published the master schedule on its website, and provided the space for the classes, does not support the conclusion that the instructors are employees. Similarly, in this context, the evidence cited by the dissent, including that Yoga Vida generally determines what fee is charged and collects the fee directly from the students, and provides a substitute instructor if the non-staff instructor is unable to teach a class and cannot find a substitute, does not supply sufficient indicia of control over the instructors. Furthermore, that Yoga Vida received feedback about the instructors from the students does not support the Board’s conclusion. “The requirement that the work be done properly is a condition just as readily required of an independent contractor as of an employee and not conclusive as to either” (Matter of Hertz Corp., 2 NY3d at 735 [internal quotation marks and citation omitted]).