State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:   December 15, 2016                   522468
_____

In the Matter of the Claim of
    DELANO C. BURGESS,
                    Respondent.

ATTACK! MARKETING, LLC,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   November 16, 2016

Before:   Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Littler Mendelson, PC, Walnut Creek, California (William Hays Weissman, admitted pro hac vice), for appellant.

        Michelle I. Rosien, Philmont, for Delano C. Burgess, respondent.

_____

Rose, J.

        Appeals from two decisions of the Unemployment Insurance Appeals Board filed March 30, 2015, which ruled, among other things, that Attack! Marketing, LLC was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

        Claimant worked as a brand ambassador for Attack! Marketing, LLC, an event referral agency that is in the business of providing brand ambassadors to its clients for their marketing campaigns.  To facilitate its business, Attack maintains a database that contains a list of brand ambassadors.  Attack

creates this database by having the brand ambassadors complete a profile page on its website and provide personal and contact information, a description of their appearance, their availability and experience with promotional work. One of Attack's clients, Blackberry, selected claimant from Attack's database to demonstrate its cell phones in the New York City region as part of Blackberry's marketing campaign. When the campaign ended, claimant applied for unemployment insurance benefits. The Department of Labor determined that claimant was an employee entitled to benefits and that Attack was liable for additional contributions on remuneration paid to claimant and others similarly employed. Following a hearing, an Administrative Law Judge sustained Attack's objection and overruled the Department's initial determinations. Upon administrative appeal, the Unemployment Insurance Appeal Board reversed the determinations of the Administrative Law Judge and upheld the Department's initial determinations. Attack now appeals.

We reverse. "Whether there exists an employment relationship is a factual issue for resolution by the Board and its decision will not be disturbed when supported by substantial evidence" (Matter of Greystoke Indus. LLC [Commissioner of Labor], 142 AD3d 746, 746 [2016] [internal quotation marks and citations omitted]; see Matter of Eray Inc. [Commissioner of Labor], 136 AD3d 1129, 1130 [2016]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Dwyer [Nassau Regional Off-Track Corp.—Commissioner of Labor], 138 AD3d 1369, 1370 [2016]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).

Here, the record evidence reflects that Attack retained little or no control over the means or results of the work performed by claimant and the other brand ambassadors. Although Attack required claimant to fill out a profile page and provide certain personal information and work experience, Attack did not interview or audition claimant, nor did it conduct a background check. Significantly, pursuant to the written agreement that

claimant executed with Attack, the rate of pay of compensation, as well as the nature and duration of the services that claimant would provide, were dictated by the clients and not Attack. Similarly, Attack did not provide any training, supervision or materials and did not establish claimant's work schedule. Nor did Attack provide claimant with any benefits, and claimant was not paid until the client paid Attack. Although claimant could not directly solicit work from Attack's clients, he was also free to work as a brand ambassador for other companies. Accordingly, while some factors cited by the Board constitute evidence of incidental control, the record as a whole does not contain sufficient evidence to establish that Attack exercised control over the means used or the results produced by the brand ambassadors or the existence of an employer-employee relationship, and we therefore reverse the Board's decisions (see Matter of Berger [Gail & Rice, Inc.—Commissioner of Labor], 143 AD3d 1024, 1026 [2016]; Matter of Lee [Encore Nationwide Inc.—Commissioner of Labor], 127 AD3d 1399, 1399-1400 [2015]; Matter of Richins [Quick Change Artistry, LLC—Commissioner of Labor], 107 AD3d 1342, 1343 [2013]; compare Matter of Waggoneer [Preston Leasing Corp.—Commissioner of Labor], 137 AD3d 1380, 1381 [2016]). In light of the foregoing, we need not address Attack's remaining contentions.

Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court