*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017            522773
_____

In the Matter of the Claim of
    NIVA F. WILLIAMS,
                    Respondent.

SUMMIT HEALTH, INC.,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 13, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____

        DLA Piper, LLP, New York City (Erin Carney D'Angelo of
counsel), for appellant.

        David E. Woodin, Catskill, for Niva F. Williams,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for Commissioner of Labor, respondent.

_____

Rose, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed May 28, 2015, which ruled, among other
things, that Summit Health, Inc. was liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

        Claimant, a licensed phlebotomist, worked as a biometric
screener for Summit Health, Inc., a health and wellness company

that provides health screenings and flu immunization to employees of its corporate clients at clinics held at the clients' workplaces. The Unemployment Insurance Appeal Board determined, among other things, that claimant was an employee of Summit and that Summit was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Summit appeals.

We affirm. "Whether an employee-employer relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of Jennings [American Delivery Solution, Inc.—Commissioner of Labor], 125 AD3d 1152, 1152 [2015] [internal quotation marks and citations omitted]; accord Matter of Voisin [Dynamex Operations E., Inc.—Commissioner of Labor], 134 AD3d 1186, 1187 [2015]). "[W]here, as here, the work of medical professionals is involved, the pertinent inquiry is whether the purported employer retained overall control over the work performed" (Matter of Mackey [Prometric Inc.—Commissioner of Labor], 120 AD3d 1493, 1494 [2014]; accord Matter of Lawlor [ExamOne World Wide Inc.—Commissioner of Labor], 130 AD3d 1345, 1346 [2015]). Further, "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of Kimberg [Hudacs], 188 AD2d 781, 781 [1992]).

Substantial evidence supports the Board's determination that Summit retained sufficient overall control over the work performed by claimant to establish an employment relationship. The record reflects that Summit posted job openings for biometric screeners on its website, interviewed applicants and screened their experience and license credentials. Summit scheduled the clinics with its clients and the clients determined what services were needed. Summit then posted the clinic dates, and screeners could sign up to work at the clinics based upon their availability. If the screeners could not report to work after signing up for a clinic, they notified Summit, which would then find a replacement. Screeners were paid an hourly rate by Summit and were reimbursed for certain travel and other expenses. Summit provided equipment and supplies for the clinics and

claimant was required to abide by a dress code and wear a Summit identification badge.  In sum, we conclude that the facts in this case are materially indistinguishable from two prior cases in which we concluded that Summit was the employer of its certified medical assistants (see Matter of Goddard [Summit Health, Inc.—Commissioner of Labor], 118 AD3d 1200, 1201 [2014], lv dismissed 24 NY3d 975 [2014]) and its health examiners (see Matter of Armbruster [Summit Health, Inc.—Commissioner of Labor], 138 AD3d 1367, 1369 [2016], lv dismissed 28 NY3d 946 [2016]). Lastly, the Board did not err in ruling that Summit is liable for contributions on remuneration paid to others determined to be similarly situated to claimant (see Labor Law § 620 [1]).

Peters, P.J., Garry, Devine and Mulvey, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court