■ In the Matter of the Claim of JAMES R. LINK, Respondent. CANTOR & PECORELLA, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [59 NYS3d 857]—

Lynch, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 15, 2015, which ruled, among other things, that Cantor & Pecorella, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Cantor & Pecorella, Inc. operates as a real estate broker, providing sales and rental services for property developers who specialize in multiple unit apartment buildings. Cantor en-

gages individuals, such as claimant, as licensed sales agents to be present at the buildings and show apartments to potential buyers or renters and solicit offers. After claimant stopped working for Cantor, he applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that an employment relationship existed between claimant and Cantor entitling claimant to receive benefits. The Board also assessed Cantor for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Cantor appeals.

We affirm. Initially, inasmuch as the standard written agreement between claimant and Cantor did not permit claimant to work hours of his choosing and imposed limitations on claimant's outside employment that would be contrary to Cantor's "business interests," we reject Cantor's contention that no employment relationship existed here as a matter of law (*see* Labor Law § 511 [19] [iii], [v]; *Matter of Feldstein [Feathered Nest—Commissioner of Labor]*, 253 AD2d 992, 993, n [1998]). As to the Board's finding of an employment relationship, "[w]hether an employee-employer relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (*Matter of Jennings [American Delivery Solution, Inc.—Commissioner of Labor]*, 125 AD3d 1152, 1152 [2015] [internal quotation marks and citations omitted]; *accord Matter of Williams [Summit Health, Inc.—Commissioner of Labor]*, 146 AD3d 1210, 1210 [2017]). "[S]ubstantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically" (*Matter of Yoga Vida NYC, Inc. [Commissioner of Labor]*, 28 NY3d 1013, 1015 [2016] [internal quotation marks and citation omitted]; *see Matter of Mitchell [Nation Co. Ltd Partners—Commissioner of Labor]*, 145 AD3d 1404, 1406 [2016]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (*Matter of Dwyer [Nassau Regional Off-Track Corp.—Commissioner of Labor]*, 138 AD3d 1369, 1370 [2016]; *accord Matter of Burgess [Attack! Mktg., LLC—Commissioner of Labor]*, 145 AD3d 1282, 1283 [2016]).

Here, there is evidence in the record that Cantor set the sales agent's rate of compensation, which included the right to

draw on commissions and imposed restrictions on outside employment. Cantor determined claimant's work schedule and coached him on how to best show the properties—including having him show properties in a certain order and giving him tips on showcasing certain aesthetic features of a property—and critiqued his public speaking skills. Claimant was required to submit weekly statistical reports to Cantor on the real estate market in the neighborhoods to which he was assigned and inform Cantor if he was going to be late or miss any work. Cantor also provided claimant with business cards and contacts for potential customers. Although there is evidence in the record that would support a contrary conclusion, we find that the Board's decision that Cantor exercised sufficient control over claimant and those similarly situated so as to establish an employment relationship is supported by substantial evidence and it will not be disturbed (*see Matter of Baez [PD 10276, Inc.—Commissioner of Labor]*, 143 AD3d 1190, 1192 [2016]; *Matter of Atac [Fashion Realty Group—Commissioner of Labor]*, 265 AD2d 777, 777 [1999]; *Matter of Feldstein [Feathered Nest—Commissioner of Labor]*, 253 AD2d at 993; *compare Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 897-898 [1982]; *Matter of Spielberger [Commissioner of Labor]*, 122 AD3d 998, 999-1000 [2014]; *Matter of McCabe & Willig Realty [Ross]*, 80 AD2d 935, 935-936 [1981]).

McCarthy, J.P., Devine, Clark and Aarons, JJ., concur. Ordered that the decisions are affirmed, without costs.