Mulvey, J.
 

 Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 18, 2016, which ruled, among other things, that Empire City Laboratories, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
 

 Empire City Laboratories, Inc. operates as a medical diagnostic testing laboratory. To conduct its operations, Empire City retains drivers, such as claimant, to pick up specimens for testing and to deliver completed lab reports to its clients. After Empire City informed claimant that it was assigning his delivery route to another driver, claimant stopped working for Empire City and applied for unemployment insurance benefits. The Department of Labor determined that claimant was an employee of Empire City entitled to such benefits and that Empire City was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge sustained that determination and the Unemployment Insurance Appeal Board affirmed. Empire City appeals.
 

 We affirm. “As to the Board’s finding of an employment relationship, whether an employee-employer relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record” (Matter of Link [Cantor & Pecorella, Inc.—Commissioner of Labor], 153 AD3d 1061, 1062 [2017] [internal quotation marks, brackets and citations omitted]; accord Matter of Williams [Summit Health, Inc.—Commissioner of Labor], 146 AD3d 1210, 1210 [2017]). “[Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically” (Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016] [internal quotation marks and citation omitted]; see Matter of Mitchell [Nation Co. Ltd Partners—Commissioner of Labor], 145 AD3d 1404, 1406 [2016]). “Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor” (Matter of Link [Cantor & Pecorella, Inc.—Commissioner of Labor], 153 AD3d at 1062 [internal quotation marks and citations omitted]; accord Matter of Burgess [Attack! Mktg., LLC—Commissioner of Labor], 145 AD3d 1282, 1283 [2016]).
 

 Although some of the control exercised by Empire City was occasioned by the regulated nature of the work performed by the drivers, many aspects of control exercised by Empire City went well beyond such regulation (see Matter of Crystal [Medical Delivery Servs.—Commissioner of Labor], 150 AD3d 1595, 1597 [2017]; Matter of Scott [CR England Inc.—Commissioner of Labor], 133 AD3d 935, 938 [2015]). Empire City assigned delivery routes based on driver availability, and the drivers were required to make the stops and deliveries along those routes as specified, by Empire City. To this end, Empire City provided the drivers with route sheets containing instructions for pickups and, on occasion, imposed pickup times for its clients. Drivers were required to make same-day delivery of any specimens that were picked up and, at the conclusion of each day, drivers were required to submit route sheets to Empire City and confirm that no specimens remained in their vehicles. Empire City also provided the drivers with assistance if they experienced difficulty making a delivery and, if a driver was unable to report to work and find a substitute driver, Empire City asked for advance notice so that it could cover the route by assigning another driver of its choosing to the route. Empire City provided supplies, including ice boxes and ice packs, to facilitate the deliveries and handled client complaints. Accordingly, notwithstanding the existence of evidence in the record that could support a different result, we find that substantial evidence supports the Board’s decision that claimant and others similarly situated were employees of Empire City, and we perceive no basis upon which to disturb that decision (see Matter of Mitchum [Medifleet, Inc.—Commissioner of Labor], 133 AD3d 1156, 1157 [2015]; Matter of Watson [Partsfleet Inc.—Commissioner of Labor], 127 AD3d 1461, 1462 [2015]; Matter of Youngman [RB Humphreys Inc.—Commissioner of Labor], 126 AD3d 1225, 1226 [2015], lv dismissed 25 NY3d 1192 [2015]; Matter of Isaacs [Speedy Media Assoc., LLC—Commissioner of Labor], 125 AD3d 1077, 1079 [2015]).
 

 Garry, J.P., Devine, Aarons and Rumsey, JJ., concur.
 

 Ordered that the decisions are affirmed, without costs.