Shanklin v Wilhelmina Models, Inc. (2018 NY Slip Op 03732)





Shanklin v Wilhelmina Models, Inc.


2018 NY Slip Op 03732


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


6416 653702/13

[*1]Alex Shanklin, et al., Plaintiffs-Appellants-Respondents,
v
Wilhelmina Models, Inc., et al., Defendants-Respondents-Appellants, MC2 Model and Talent Miami LLC, et al., Defendants.


Quinn Emanuel Urquhart & Sullivan, LLP, New York (William B. Adams of counsel), for appellants-respondents.
Otterbourg P.C., New York (Richard G. Haddad of counsel), for Wilhelmina Models, Inc and Wilhelmina International Ltd., respondents-appellants.
M W Moody LLC, New York (Mark W. Moody of counsel), for Click Model Management, Inc., respondent-appellant.
Kaufman Borgeest & Ryan LLP, New York (Cara A. O'Sullivan of counsel), for Next Management, LLC, respondent-appellant.
Ledy-Gurren , Bass, D'Avanzo & Siff LLP, New York (Joseph A. D'Avanzo of counsel), for Major Model Management Inc., respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about May 26, 2017, which, to the extent appealed from as limited by the briefs, granted defendant model management agencies' CPLR 3211 motions to dismiss to the extent of limiting plaintiff fashion models' claims to those accruing on or after October 24, 2007 and dismissing plaintiffs' causes of action pursuant to Labor Law § 191 without prejudice, unanimously modified, on the law, to dismiss the breach of contract claim of Vanessa Perron as against defendant Next Management, LLC (Next), and reinstate the Labor Law § 191 claim of Melissa Baker as against defendant Click Model Management, Inc. (Click), and otherwise affirmed, without costs.
The motion court correctly ruled that "usage payments," payments models receive in the event third parties use images taken at photo shoots, are not wages, as defined by article 6 of the Labor Law (Labor Law § 190[1]; see also Truelove v Northeast Capital & Advisory, 95 NY2d 220 [2000]; Beach v Touradji Capital Mgmt., LP, 128 AD3d 501 [1st Dept 2015]). The motion court also correctly ruled that plaintiffs stated a cause of action that they were employees, notwithstanding the agreements between the parties stating that they were independent contractors (see Bynog v Cipriani Group, 1 NY3d 193, 198 [2003]; see also Bizjak v Gramercy Capital Corp., 95 AD3d 469 [1st Dept 2012]). It cannot be said at this stage that plaintiffs' tax status is dispositive on their Labor Law status (see Matter of Campbell, 143 AD3d 1026 [3d Dept 2016], lv dismissed __ NY3d __, 2018 NY Slip Op 67825 [2018]). Plaintiffs' Labor Law claims pursuant to §§ 193 and 195(3) stated a cause of action, while their claims pursuant to Labor Law § 191, with the exception of the claim of Melissa Baker, were insufficiently pled. Baker timely alleges that Click failed to pay her for a Sports' Illustrated shoot.
Click's argument that the claims of breach of contract of Michelle Griffin-Trotter were insufficiently pled is unpersuasive, as she pled performance in appearing at photo shoots, and breach and damages, in that Click claimed improper expenses against her earnings, reducing the [*2]fee paid to her. Whether she was fully paid cannot be determined on this motion on the pleadings. Next, however, is correct in arguing that Perron's claim for breach of contract is untimely, as her contract terminated in 2006, and she makes no allegations that she earned, but was not paid, any usages on or after October 24, 2007.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK