Matter of Magdylan (Munschauer--Commissioner of Labor) (2019 NY Slip Op 04241)





Matter of Magdylan (Munschauer--Commissioner of Labor)


2019 NY Slip Op 04241


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526385

[*1]In the Matter of the Claim of AEYNA MAGDYLAN, Respondent. CAROL ANN MUNSCHAUER, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 29, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Michael J. Stachowski, Buffalo, for appellant.
Karen A. Leahy, Cortland, for Aeyna Magdylan, respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 26, 2017, which ruled, among other things, that Carol Ann Munschauer was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.
Claimant was engaged part time as a bookkeeper and personal assistant for Carol Ann Munschauer, a psychologist. The Unemployment Insurance Appeal Board determined, among other things, that claimant was an employee of Munschauer and that Munschauer was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Munschauer appeals.
We affirm. "Whether an employee-employer relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of Jennings [American Delivery Solution, Inc.-Commissioner of Labor], 125 AD3d 1152, 1152 [2015] [internal quotation marks and citations omitted]; accord Matter of Dillon [Commissioner of Labor], 163 AD3d 1307, 1308 [2018]). "Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically" (Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016] [internal quotation marks, brackets and citation omitted]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Link [Cantor & Pecorella, Inc.-Commissioner of Labor], 153 AD3d 1061, 1062 [2017] [internal quotation marks and citations omitted], lv dismissed 31 NY3d 946 [2018]; [*2]accord Matter of Raupov [Empire City Labs., Inc.-Commissioner of Labor, 155 AD3d 1284, 1285 [2017]).
Claimant was interviewed by Munschauer in 2002 for the position and it was agreed that she would be paid hourly, with the rate of pay to increase every year at a set rate. Claimant thereafter performed various services for Munschauer for approximately 14 years. Claimant was responsible for billing Munschauer's patients and processing their payments, as well as for paying both the practice's bills and Munschauer's personal bills. Claimant initially prepared checks for Munschauer to sign, but was ultimately given authority to sign the checks herself. Munschauer also provided claimant with a Mastercard machine to process patient payments. Claimant was required to submit weekly payroll reports, weekly progress reports and monthly income and expense reports. These reports were reviewed by Munschauer and Munschauer's financial adviser at quarterly meetings that claimant was required to attend. Claimant received bookkeeping training when she started, and claimant initially used the financial management software Quicken, but was informed by Munschauer's financial advisor that she had to use QuickBooks, as this software made it easier to audit claimant's reports. Munschauer provided the new software and training. Claimant generally worked from home and used her personal computer, telephone and printer, but was issued a credit card with which she could pay for any supplies that she needed. She tracked her own hours and issued her own paychecks.
Munschauer considered claimant to be a bookkeeper, personal assistant and life advisor and required claimant, who had no set hours, to be available Monday through Friday. Other than her bookkeeping duties related to the practice and Munschauer's personal accounts and credit cards, claimant was also asked to transport Munschauer to appointments, prepare tax documents, research health insurance plans for Munschauer and her son, help find tutors for the son and arrange for the removal of furniture from Munschauer's lake house.
In 2005, claimant filed a certificate of business as A. Magdylan Organization, with the intention of performing similar work for others. Claimant did not pursue any such opportunities until she informed Munschauer in 2014 that she was offered part-time work that would require her to work on Mondays and Fridays for someone else. Claimant turned down the offer after Munschauer threatened to replace her if she accepted it. In our view, substantial evidence supports the Board's decision that Munschauer exercised a sufficient degree of control over claimant's work so as to establish an employment relationship, despite evidence in the record that could support a contrary conclusion (see Matter of Ingle [Mechanical Secretary, Inc.-Commissioner of Labor], 129 AD3d 1424, 1425-1426 [2015]; Matter of Aussicker [Park Ride Fly USA-Commissioner of Labor], 128 AD3d 1264, 1265-1266 [2015], lv dismissed 26 NY3d 944 [2015]). Finally, the fact that claimant considered herself an independent contractor for tax purposes and deducted expenses on her tax returns as if she was self-employed is not dispositive (see Matter of Campbell [TDA Indus., Inc.-Commissioner of Labor, 143 AD3d 1026, 1028 [2016], lv dismissed 31 NY3d 925 [2018]; Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.-Commissioner of Labor], 16 AD3d 882, 883 [2005]).
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.