Matter of Bloomfield (IME Watchdog, Inc.) (2019 NY Slip Op 06556)





Matter of Bloomfield (IME Watchdog, Inc.)


2019 NY Slip Op 06556


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

528114

[*1]In the Matter of the Claim of Sylvia Bloomfield, Respondent. IME Watchdog, Inc., Appellant. Commissioner of Labor, Respondent. (Claim No. 1.)
In the Matter of the Claim of David A. Bloomfield, Respondent. IME Watchdog, Inc., Appellant. Commissioner of Labor, Respondent. (Claim No. 2.)

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Trivella & Forte, LLP, White Plains (Arthur J. Muller III of counsel), for appellant.
Debevoise & Plimpton LLP, New York City (Anne M. Croslow of Debevoise & Plimpton LLP, Washington, D.C., of counsel, admitted pro hac vice), for Sylvia Bloomfield and David A. Bloomfield, respondents.



Rumsey, J.
Appeal from four decisions of the Unemployment Insurance Appeal Board, filed June 12, 2018, which ruled that IME Watchdog, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimants and others similarly situated.

 IME Watchdog, Inc. provides personal injury law firms with non-attorney patient advocates, or "watchdogs," to accompany plaintiffs to independent medical examinations. IME paid claimants, and others, to serve as patient advocates. After claimants ceased providing services to IME, they filed applications for unemployment insurance benefits. The Department of Labor subsequently issued initial determinations finding that claimants were employees of IME, that they were entitled to receive unemployment insurance benefits and that IME was liable for additional unemployment insurance contributions on remuneration paid to claimants and those similarly situated. IME objected on the ground that claimants were independent contractors and, following a combined hearing, an Administrative Law Judge (hereinafter ALJ) sustained the Department's determinations. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed, and IME appeals.

 "It is well-settled that whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary decision" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks, brackets and citations omitted]). Where professional services are involved, an employer-employee relationship exists where there is substantial evidence that the purported employer exercised overall control over important aspects of the work performed (see id. at 437-438; Matter of Williams [Summit Health, Inc.-Commissioner of Labor], 146 AD3d 1210, 1210 [2017]; Matter of Lamar [Eden Tech., Inc.-Commissioner of Labor], 109 AD3d 1038, 1039 [2013]).

 There is substantial evidence that IME exercised overall control over important aspects of the work performed by patient advocates. IME advertised for patient advocates, who were required to submit resumÉs and to be interviewed. IME then imposed very specific requirements governing nearly every aspect of the work of the patient advocates that it hired. An official handbook set forth detailed instructions specifying the procedures that advocates were expected to follow during patient examinations, including instructions to immediately call the IME office upon arrival or if the examining physician required intake paperwork. The handbook also contained a script that advocates were expected to read to physicians at the beginning of every examination and specified the precise content of the reports that were required to be prepared. IME exercised control over work assignments by determining which patient advocates would be offered the opportunity to attend any particular examination, by assigning specific patient advocates in response to customer requests and by arranging for replacements when a patient advocate was unable to report to an assigned examination. IME staff reviewed all reports that were submitted. In response to complaints that it had received from customers, IME sent a memorandum to patient advocates describing common errors and admonishing them to follow the prescribed protocol and thereafter conducted a mandatory meeting regarding the required content and format of the reports. Thus, although there is evidence that could support a different result, we conclude that the Board's decisions are supported by substantial evidence (see Matter of Williams [Summit Health, Inc.-Commissioner of Labor], 146 AD3d at 1211; Matter of Lamar [Eden Tech., Inc.-Commissioner of Labor], 109 AD3d at 1039). IME's remaining contentions have been examined and found to lack merit.

 Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.



 ORDERED that the decisions are affirmed, without costs.