Matter of New Team, LLC (Commissioner of Labor) (2022 NY Slip Op 00221)





Matter of New Team, LLC (Commissioner of Labor)


2022 NY Slip Op 00221


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

530592
[*1]In the Matter of New Team, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Littler Mendelson PC, Melville (Kelly C. Spina of counsel), for appellant.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.



Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 24, 2019, which assessed New Team, LLC for additional unemployment insurance contributions.
New Team, LLC is a professional corporation that offers, among other things, marketing services and the development of branding campaigns and/or marketing strategies to its clients. To facilitate the provision of these services, New Team recruits brand ambassadors (also known as promotional specialists) through word of mouth and online advertising and then maintains a database that contains a list of brand ambassadors who would provide services at bars and other venues where New Team's clients would hold marketing events. As a result of an audit for the period of July 1, 2010 through September 30, 2013, the Department of Labor issued a determination that assessed New Team additional unemployment insurance contributions based upon remuneration paid to its brand ambassadors. Hearings ensued, and the Unemployment Insurance Appeal Board ultimately sustained the Department's determination assessing additional unemployment insurance contributions, finding, in relevant part, that New Team exercised or reserved the right to exercise sufficient supervision, direction or control over the services performed by the brand ambassadors to establish an employment relationship for purposes of additional unemployment insurance contributions. New Team appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [2020] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (id. at 137 [internal quotation [*2]marks, brackets, footnote and citations omitted]; see Matter of Mayo [Epstein-Commissioner of Labor], 193 AD3d 1199, 1200 [2021]; Matter of Jordan [Alterna Holdings Corp.-Commissioner of Labor], 187 AD3d 1264, 1265 [2020]).
The record reflects that New Team advertised for brand ambassadors using the Internet and directed potential brand ambassadors, many of whom were actors and models given their experience in promotional work, to submit online applications. New Team provided the brand ambassadors with training and emailed the training materials to brand ambassadors who were unable to attend the training sessions. New Team charged brand ambassadors a small monthly fee for use of its online portal, through which brand ambassadors could accept offers to work at events that New Team's area leads (i.e., supervisors) would circulate by email with the event information, including date, location and pay rate. Brand ambassadors were required to notify New Team if they accepted a job. Brand ambassadors were required to check in with New Team 24 to 48 hours before the event that they were scheduled to work, and, when a brand ambassador could not attend a scheduled event, New Team solicited additional brand ambassadors to secure a replacement.
At the events, New Team required brand ambassadors to arrive early to set up their display table and to send a text message to New Team's area lead with a photograph of the display table. Area leads would also perform spot checks of the brand ambassadors at their setups during events. New Team instructed brand ambassadors to educate themselves about the products that they were promoting and to interact and play games with potential customers during the events. Following an event, New Team directed brand ambassadors to complete and submit a recap report within 24 hours of the event to summarize their experience and to report certain required information. New Team would also contact brand ambassadors regarding any incomplete recap reports and/or if their performance was unsatisfactory. Notwithstanding proof in the record before us that could support a contrary result, the above constitutes substantial evidence to support the Board's determination that New Team exercised or reserved the right to exercise sufficient supervision, direction or control over the services performed by the brand ambassadors so as to establish an employment relationship for purposes of additional unemployment insurance contributions (see Matter of Waggoneer [Preston Leasing Corp.-Commissioner of Labor], 137 AD3d 1380, 1381 [2016]; Matter of Saalfield [Eber Bros. Wine & Liq. Co.-Commissioner of Labor], 37 AD3d 928, 929 [2007]; Matter of Horn [Hudacs], 201 AD2d 816, 816 [1994]; compare Matter of Burgess [Attack! Mktg., LLC-Commissioner of Labor], 145 AD3d 1282, 1284 [2016]; Matter of Berger [Gail & Rice, Inc.-Commissioner of Labor], 143 AD3d 1024, 1025-1026 [2016], lv denied 29 NY3d 905 [2017]; Matter of Lee [Encore Nationwide Inc.-Commissioner [*3]of Labor], 127 AD3d 1399, 1399-1400 [2015]).
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.