Matter of Ramlall (Medical Delivery Servs.--Commissioner of Labor) (2020 NY Slip Op 02515)





Matter of Ramlall (Medical Delivery Servs.--Commissioner of Labor)


2020 NY Slip Op 02515


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

529016

[*1]In the Matter of the Claim of Sean Ramlall, Respondent. Medical Delivery Services, Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Peter Fidopiastis, Queensbury, for appellant.
Bruce Evans Knoll, Albany, for Sean Ramlall, respondent.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.



Pritzker, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 5, 2018, which ruled, among other things, that Medical Delivery Services was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Medical Delivery Services (hereinafter MDS) is a logistics broker that arranges transportation of time-sensitive radioactive medication that is regulated by state and federal law. MDS engaged the services of Subcontracting Concepts Inc. (hereinafter SCI) as a third-party administrator to handle payroll and other employment-related matters in connection with the drivers that MDS hired to transport the radioactive medication. Claimant was hired and used his own vehicle as a driver for MDS after being vetted by and entering into an owner/operator agreement with SCI. Following claimant's application for unemployment insurance benefits, the Unemployment Insurance Appeal Board ultimately found that an employer-employee relationship existed between MDS and claimant and ruled that MDS was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. MDS appeals.
We affirm. In Matter of Crystal (Medical Delivery Servs.-Commissioner of Labor) (150 AD3d 1595 [2017]), this Court affirmed findings by the Board that certain claimants performing similar courier services for MDS, under materially indistinguishable circumstances and during the same time period herein, were employees entitled to unemployment insurance benefits. The record reflects that MDS exercised or reserved the right to exercise similar indicia of control herein as was identified in Matter of Crystal, specifically with regard to claimant being screened prior to being hired by MDS, being provided with equipment and an identification badge bearing MDS's logo, being required to adhere to strict delivery schedules and being required to submit certain documents to MDS, as well as MDS handling client complaints and providing substitutes. Although the nature of the work was highly regulated by federal and state requirements, the overall control exercised by MDS was beyond such requirements. As such, we find that the Board's decisions are supported by substantial evidence and will not be disturbed (see id. at 1597; Matter of Garbowski [Dynamex Operations E., Inc.-Commissioner of Labor], 136 AD3d 1079, 1080 [2016]; Matter of Gill [Strategic Delivery Solutions LLC-Commissioner of Labor], 134 AD3d 1362, 1363-1364 [2015]; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [2015]), despite evidence in the record to support a contrary conclusion.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.