Matter of Castillo-Mota (Medical Delivery Servs.--Commissioner of Labor) (2020 NY Slip Op 03159)





Matter of Castillo-Mota (Medical Delivery Servs.--Commissioner of Labor)


2020 NY Slip Op 03159


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

528917

[*1]In the Matter of the Claim of Ulises Castillo-Mota, Respondent. Medical Delivery Services, Appellant. Commissioner of Labor, Respondent.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Peter Fidopiastis, Queensbury, for appellant.
Carolyn B. George, Albany, for Ulises Castillo-Moto, respondent.
Letitia James, Attorney General, New York City (Dawn M. Foshee of counsel), for Commissioner of Labor, respondent.



Colangelo, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 5, 2018, which ruled, among other things, that Medical Delivery Services was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Medical Delivery Services (hereinafter MDS) is a logistics broker that arranges transportation of time-sensitive radioactive medication that is regulated by state and federal law. MDS engaged the services of Subcontracting Concepts Inc. (hereinafter SCI) as a third-party administrator to vet couriers, as well as to handle payroll and other employment-related matters. Upon responding to an advertisement seeking a courier, claimant entered into an owner/operator agreement with SCI and was subsequently hired by MDS to use his own vehicle to transport the radioactive medicine. Following claimant's application for unemployment insurance benefits, the Unemployment Insurance Appeal Board, in a combined hearing, ultimately found that an employer-employee relationship existed between MDS and claimant and ruled that MDS was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. MDS appeals.
We affirm. As noted in the Board's decision, this Court in Matter of Crystal (Medical Delivery Servs.-Commissioner of Labor) (150 AD3d 1595 [2017]) affirmed findings by the Board that certain claimants performing similar courier services for MDS, under materially indistinguishable circumstances and during the same time period herein, were employees entitled to unemployment insurance benefits. A review of the record herein reflects that MDS exercised or reserved the right to exercise similar indicia of control identified in Matter of Crystal, including with regard to MDS's screening and training of claimant, imposition of a dress code, setting of claimant's pay, reimbursement of tolls incurred during a delivery and requirements that claimant adhere to strict delivery and reporting schedules and submission of a specific invoice. Although the nature of the work was highly regulated by federal and state requirements, the overall control exercised by MDS was beyond such requirements. As such, we find that the Board's decisions are supported by substantial evidence and will not be disturbed (see id. at 1597; Matter of Garbowski [Dynamex Operations E., Inc.-Commissioner of Labor], 136 AD3d 1079, 1080 [2016]; Matter of Gill [Strategic Delivery Solutions LLC-Commissioner of Labor], 134 AD3d 1362, 1363-1364 [2015]; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [2015]), despite evidence in the record to support a contrary conclusion. Further, we are unpersuaded by MDS's contention that the Board's finding should not be applicable to other similarly situated couriers (see Matter of Crystal [Medical Delivery Services-Commissioner of Labor], 150 AD3d at 1597).
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.