Matter of Murray (TN Couriers LLC--Commissioner of Labor) (2020 NY Slip Op 05269)





Matter of Murray (TN Couriers LLC--Commissioner of Labor)


2020 NY Slip Op 05269


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530318

[*1]In the Matter of Victor Murray, Respondent. TN Couriers LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Peter Fidopiastis, Queensbury, for appellant.
David E. Woodin, LLC, Catskill (David E. Woodin of counsel), for Victor Murray, respondent.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.



Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 22, 2019, which ruled, among other things, that TN Couriers LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
TN Couriers LLC (hereinafter TNC) is a business logistics company that acts as a broker between delivery drivers and clients seeking to have products transported from one location to another. Claimant was retained by TNC to deliver auto parts for The Radiator Store, one of TNC's clients. In connection therewith, he entered into a service agreement with TNC and an owner/operator agreement with Subcontracting Concepts Inc. (hereinafter SCI), which was the third-party administrator that handled payroll and other employment-related matters on behalf of TNC.
After being retained by TNC, claimant set up a payroll account through SCI and was directed to report to the warehouses where The Radiator Store kept its inventory of auto parts. Each day that he worked, he was given a delivery schedule by the warehouse supervisor and drove his own vehicle to various locations to make the deliveries. He did this from May 2015 until April 2016. Thereafter, he filed a claim for unemployment insurance benefits. This prompted the Department of Labor to conduct an inquiry into claimant's employment status. The Department issued an initial determination finding the existence of an employment relationship and assessed TNC for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. This determination was upheld by an Administrative Law Judge (hereinafter ALJ) following a hearing and later by the Unemployment Insurance Appeal Board. TNC appeals.
The existence of an employment relationship is a factual issue for the Board, and its determination will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Mitchell [Nation Co. Ltd. Partners-Commissioner of Labor], 145 AD3d 1404, 1405 [2016]). While no single factor is determinative, control over the results produced or the means used to achieve those results are the pertinent considerations, with the latter being more important (see Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d 1166, 1167 [2015]; Matter of Joyce [Coface N. Am. Ins. Co.-Commissioner of Labor], 116 AD3d 1132, 1134 [2014]). "All aspects of the arrangement must be examined to determine whether the degree of control and direction reserved to the [purported] employer establishes an employment relationship" (Matter of Villa Maria Inst. of Music [Ross], 54 NY2d 691, 692 [1981] [citations omitted]; see Matter of Cowan [Bimbo Foods Bakeries Distrib., Inc.-Commissioner of Labor], 159 AD3d 1312, 1313 [2018], lv dismissed 32 NY3d 1053 [2018]).
Here, evidence was presented that, after receiving a request from a client, TNC contacted the potential delivery driver who it identified from a database maintained by SCI to ascertain if the driver was available. If so, TNC conducted a background check and made sure the driver had a valid license and insurance before referring the driver to the client. Once an assignment was made by TNC, the daily delivery activities of the driver were overseen by the client, which in claimant's case was The Radiator Store. TNC set the rate of pay based upon the number of miles driven and provided reimbursement for tolls. A driver was paid upon the completion of a delivery, and TNC confirmed that deliveries were made before paying the driver's invoice, which it did by directing SCI to remit payment directly into the driver's account. Because the compensation came from SCI, it was the entity that issued the 1099 form.
A driver was not permitted to refuse assignments made by TNC, but was free to work for other companies. When a driver was unable to perform or complete a delivery, TNC would provide a substitute. In the event that a client was dissatisfied with a driver, it was up to TNC to address the situation, possibly by removing the driver from the assignment. Pursuant to TNC's service agreement, drivers were required to maintain minimum levels of automobile liability insurance and to make deliveries on a timely basis 98% of the time. TNC did not provide reimbursement for gas or furnish a uniform, identification card or equipment, but did supply an auto parts manual.
Although the daily delivery activities of claimant and other drivers were directed by TNC's client, TNC retained control over other important aspects of the work. These included screening driver applicants, assigning drivers to clients, setting the rate of pay, partially reimbursing expenses, establishing performance standards, requiring valid licenses and insurance, and handling client complaints. In view of this, we find that substantial evidence supports the Board's finding that TNC exercised a sufficient indicia of control over claimant to be deemed his employer and liable for additional contributions (see Matter of Ramlall [Medical Delivery Servs.-Commissioner of Labor], 182 AD3d 960, 961 [2020]; Matter of Hennessy [Hearst Corp.-Commissioner of Labor], 172 AD3d 1842, 1843 [2019], appeal dismissed 34 NY3d 943 [2019]; Matter of Crystal [Medical Delivery Servs.-Commissioner of Labor], 150 AD3d 1595, 1597 [2017]). Furthermore, contrary to TNC's claim, the Board properly determined that the finding of an employment relationship applied to other similarly situated drivers for which TNC was also assessed additional contributions (see Labor Law § 620 [1] [b]; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157-1158 [2015]).
Garry, P.J., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.