Matter of Jordan (Alterna Holdings Corp.--Commissioner of Labor) (2020 NY Slip Op 05266)





Matter of Jordan (Alterna Holdings Corp.--Commissioner of Labor)


2020 NY Slip Op 05266


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530043

[*1]In the Matter of the Claim of Robin E. Jordan, Respondent. Alterna Holdings Corporation, Appellant. Commissioner of Labor, Respondent.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Seyfarth Shaw, LLP, New York City (Loren Gesinsky of counsel), for appellant.
Bruce Evans Knoll, Albany, for Robin E. Jordan, respondent.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.



Aarons, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 4, 2019, which ruled, among other things, that Alterna Holding Corporation was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Alterna Holding Corporation produces haircare products that are sold at various retail stores. To facilitate its business, Alterna places sales and education representatives at the stores. These representatives educate store employees and customers about Alterna's products. Claimant was a representative for Alterna at Sephora stores in the New York City area from April 2012 to September 2014. When her employment ended, she applied for unemployment insurance benefits. The Department of Labor issued initial determinations finding claimant to be Alterna's employee and holding Alterna liable for additional unemployment insurance contributions on remuneration paid to claimant and all others similarly situated. Alterna objected and, following a hearing, an Administrative Law Judge overruled the determinations. The Unemployment Insurance Appeal Board, however, disagreed and sustained the initial determinations. Alterna appeals.
We reverse. "Whether there exists an employment relationship is a factual issue for resolution by the Board and its decision will not be disturbed when supported by substantial evidence" (Matter of Duno [Anthony Stone Investigative & Sec. Servs., Inc.-Commissioner of Labor], 120 AD3d 1512, 1512 [2014] [citations omitted]; see Matter of Escoffery [Park W. Exec. Servs. Inc.-Commissioner of Labor], 180 AD3d 1294, 1295 [2020]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Escoffery [Park W. Exec. Servs. Inc.-Commissioner of Labor], 180 AD3d at 1295 [citations omitted]; see Matter of Walsh [TaskRabbit Inc.-Commissioner of Labor], 168 AD3d 1323, 1324 [2019]). "The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020]). "Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically" (Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016] [internal quotation marks, brackets and citation omitted]).
Upon reviewing the record, we find that substantial evidence does not support the Board's decision that an employment relationship existed between Alterna and claimant. The record reflects that claimant received no initial training or instruction on how to perform her duties. Claimant was not required to submit reports, attend meetings or regularly check in with Alterna. Claimant was not responsible for supplying the product to the Sephora stores, and the sales of the product were carried out by Sephora employees. Although Alterna provided claimant with a list of Sephora stores for her to visit, she was not required to visit all the stores on the list if she did not want to, and claimant testified that there were some stores that she never visited. Claimant was never supervised while at the stores or had her performance reviewed. Claimant was advised to work five days a week, but she set her own schedule and she could take time off, including a week at a time, without notifying Alterna. In our view, the record as a whole does not contain substantial evidence that Alterna exercised a sufficient indicia of control over claimant and others similarly situated so as to establish an employment relationship (see Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 734-735 [2004]; Matter of Courto [SCA Enters. Inc.-Commissioner of Labor], 159 AD3d 1240, 1242 [2018]; Matter of Cohen [Classic Riverdale, Inc.-Commissioner of Labor], 136 AD3d 1179, 1180-1181 [2016]).
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.