Matter of Gawrys (Medical Delivery Servs.--Commissioner of Labor) (2021 NY Slip Op 02198)





Matter of Gawrys (Medical Delivery Servs.--Commissioner of Labor)


2021 NY Slip Op 02198


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

529612
[*1]In the Matter of the Claim of Jeffrey Gawrys, Respondent. Medical Delivery Services, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Peter Fidopiastis, Queensbury, for appellant.
Carolyn B. George, Albany, for Jeffrey Gawrys, respondent.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.



Reynolds Fitzgerald, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 30, 2019, which ruled, among other things, that Medical Delivery Services was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Medical Delivery Services (hereinafter MDS) is a logistics broker that arranges transportation of time-sensitive radioactive medication that is regulated by state and federal law. MDS engaged the services of Subcontracting Concepts Inc. (hereinafter SCI) as a third-party administrator to handle payroll and other employment-related matters in connection with the drivers that MDS hired to transport the radioactive medication. MDS retained claimant as a driver after he was vetted by, and entered into an owner/operator agreement with, SCI. When this arrangement ended, claimant applied for unemployment insurance benefits. Following a hearing, an Administrative Law Judge found that an employer-employee relationship existed between MDS and claimant and ruled that MDS was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Upon administrative review, the Unemployment Insurance Appeal Board adopted those findings. MDS appealed, and we reversed the Board's decisions on the ground that MDS was improperly prevented from eliciting relevant testimony from one of its witnesses and remitted the matter to the Board for a new hearing (140 AD3d 1363 [2016], lv dismissed 28 NY3d 1059 [2016]). Following that hearing, the Board again found that an employer-employee relationship existed between MDS and claimant and ruled that MDS was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. MDS appeals.
We affirm. In Matter of Crystal (Medical Delivery Servs.-Commissioner of Labor) (150 AD3d 1595 [2017]), this Court affirmed findings by the Board that certain claimants performing similar courier services for MDS as claimant, under materially indistinguishable circumstances and during the same time period herein, were employees entitled to unemployment insurance benefits. The record reflects that MDS exercised or reserved the right to exercise similar indicia of control herein as was identified in Matter of Crystal, as well as in Matter of Castillo-Mota (Medical Delivery Servs.-Commissioner of Labor) (184 AD3d 924, 925 [2020]) and Matter of Ramlall (Medical Delivery Servs.-Commissioner of Labor) (182 AD3d 960, 961 [2020]), including MDS providing training, setting claimant's rate of pay, reimbursing claimant for tolls incurred during a delivery, requiring claimant to submit certain documents and to adhere to a dress code, handling client complaints and providing substitutes. Although we recognize that the nature of the work is highly regulated by federal and state requirements, the overall control exercised by MDS was beyond such requirements. [*2]Thus, we find that the Board's decisions are supported by substantial evidence and will not be disturbed (see Matter of Castillo-Mota [Medical Delivery Servs.-Commissioner of Labor], 184 AD3d at 925; Matter of Ramlall [Medical Delivery Servs.-Commissioner of Labor], 182 AD3d at 961; Matter of Crystal [Medical Delivery Servs.-Commissioner of Labor], 150 AD3d at 1597).
Garry, P.J., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the decisions are affirmed, without costs.