Matter of Quesada (Columbus Mgt. Sys., Inc.--Commissioner of Labor) (2021 NY Slip Op 05373)





Matter of Quesada (Columbus Mgt. Sys., Inc.--Commissioner of Labor)


2021 NY Slip Op 05373


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

531693
[*1]In the Matter of the Claim of Elizabeth Perez Quesada, Respondent. Columbus Management Systems, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

SCI, LLC, Glens Falls (Peter Fidopiastis of counsel), for appellant.
Salvatore C. Adamo, Albany, for Elizabeth Perez Quesada, respondent.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.



Reynolds Fitzgerald, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 9, 2020, which ruled that Columbus Management Systems, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.
Columbus Management Systems, Inc. (hereinafter CMS) is a business logistics broker that acts as a broker between delivery drivers and clients seeking to have products transported from one location to another. Claimant, who was engaged as a delivery driver for CMS from 2009 to 2015, applied for unemployment insurance benefits when she temporarily stopped providing services to CMS upon the birth of her child. In January 2017, the Department of Labor issued a determination finding that claimant was an employee of CMS for purposes of unemployment insurance benefits and that CMS was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. CMS objected, and, following hearings, an Administrative Law Judge sustained the Department's determination. The Unemployment Insurance Appeal Board affirmed, and CMS appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [2020] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results" (id. at 137 [internal quotation marks, brackets and citations omitted]; see Matter of Mayo [Epstein-Commissioner of Labor], 193 AD3d 1199, 1200 [2021]; Matter of Jordan [Alterna Holdings Corp.-Commissioner of Labor], 187 AD3d 1264, 1265 [2020]).
The record reflects that claimant was provided with a shirt bearing CMS's name that she was required to wear and issued an identification badge that she was required to don. Each morning that she worked, claimant would arrive at the same location where she would receive from [*2]her logistics coordinator — who she reported to each day and throughout the day if problems arose — a preprinted delivery manifest bearing her name. Claimant was required to turn in a completed delivery manifest for each day that she worked, and CMS set deadlines for certain deliveries based upon the customer's needs. Claimant was compensated on a weekly basis at a rate typically established by CMS, and claimant was compensated for completed deliveries regardless of whether the customer paid CMS. Moreover, if a customer overpaid CMS for a delivery, CMS would manage the refunding of monies to the customer. CMS would also attempt to find a substitute driver if claimant was unavailable and would field complaints from customers when necessary. Although the record establishes, among other things, that claimant used her own vehicle and was not reimbursed for any expenses, the record nevertheless supports the Board's determination that CMS exercised sufficient supervision, direction and control over significant aspects of claimant's work to establish an employer-employee relationship (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137-138; Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 517-521 [1985]; Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d at 1859-1860; Matter of Murray [TN Couriers LLC-Commissioner of Labor], 187 AD3d 1270, 1272 [2020]; Matter of Ramlall [Medical Delivery Servs.-Commissioner of Labor], 182 AD3d 960, 961 [2020]). To the extent that CMS challenges the Board's finding that an employment relationship applies to others similarly situated, we find it to be without merit (see Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157-1158 [2015]; Matter of Robinson [New York Times Newspaper Div. of N.Y. Times Co.-Hartnett], 168 AD2d 746, 747-748 [1990], lv denied 78 NY2d 853 [1991]). We have reviewed CMS's remaining contentions and find them to be unavailing.
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the decisions are affirmed, without costs.