Matter of Fiorelli (Stallion Express, LLC--Commissioner of Labor) (2022 NY Slip Op 00080)





Matter of Fiorelli (Stallion Express, LLC--Commissioner of Labor)


2022 NY Slip Op 00080


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

531153
[*1]In the Matter of the Claim of Charlene Fiorelli, Respondent. Stallion Express, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Segal McCambridge Singer & Mahoney, Ltd., New York City (Theodore M. Eder of counsel), for appellant.
Salvatore C. Adamo, Albany, for Charlene Fiorelli, respondent.
Letitia James, Attorney General, New York City (Steve Koton of counsel), for Commissioner of Labor, respondent.



Clark, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 25, 2020, which ruled that Stallion Express, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Stallion Express, LLC (hereinafter SE) is a logistics business that acts as a broker between delivery couriers and its client, a pharmacy seeking to have products, such as medications, transported and delivered. After claimant's provision of services to SE as a delivery courier came to an end in June 2017, claimant applied for unemployment insurance benefits. In September 2017, the Department of Labor issued a determination finding that claimant was an employee of SE for purposes of unemployment insurance benefits and that SE was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. SE objected to the Department's determination, and, following hearings, an Administrative Law Judge sustained the Department's determination. The Unemployment Insurance Appeal Board affirmed, and SE appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [2020] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (id. at 137 [internal quotation marks, brackets and citations omitted]; see Matter of Mayo [Epstein-Commissioner of Labor], 193 AD3d 1199, 1200 [2021]; Matter of Jordan [Alterna Holdings Corp.-Commissioner of Labor], 187 AD3d 1264, 1265 [2020]).
Upon reviewing the record before us, we find substantial evidence to support the Board's finding of an employer[*2]-employee relationship. The record, which includes a written agreement executed by SE and claimant, reflects that claimant was required, when in the pharmacy and making deliveries, to wear and display a photo identification badge and gray shirt bearing SE's name and/or logo. Prior to executing the written agreement with claimant, claimant was required to undergo a mandatory background check, drug screen and motor vehicle report. When claimant began providing services to SE, she received initial training about how "things had to be done [at SE]." Each week, claimant's supervisor would set claimant's schedule and inform her by email of the delivery routes to which she would be assigned for that week. Although claimant could refuse a route assignment and was permitted to negotiate her payment, she never did so and was told by her supervisor what her payment and route assignments would be.
With regard to making deliveries, SE would map out the best route for claimant to effectuate the delivery and required claimant to use delivery validation software either on her cell phone or on a computer tablet that she could rent from SE. Claimant was required to obtain a digital signature for each delivery and return a manifest and any other delivery documents. Claimant could substitute another courier for herself if a problem arose; however, she would have to first contact SE's operator so that SE could perform the requisite background checks and approve the substitute courier. In addition, claimant did not provide services for another logistics broker or courier service while engaged with SE. Although there is record evidence that could support a contrary determination, substantial evidence nevertheless supports the Board's determination that SE exercised sufficient supervision, direction and control over significant aspects of claimant's work to establish an employer-employee relationship (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137-138; Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d at 1859-1860; Matter of Murray [TN Couriers LLC-Commissioner of Labor], 187 AD3d 1270, 1272 [2020]; Matter of Ramlall [Medical Delivery Servs.-Commissioner of Labor], 182 AD3d 960, 961 [2020]). To the extent that SE challenges the Board's finding that an employment relationship applies to others similarly situated, we find it to be without merit (see Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157-1158 [2015]; Matter of Robinson [New York Times Newspaper Div. of N.Y. Times Co.-Hartnett], 168 AD2d 746, 747-748 [1990], lv denied 78 NY2d 853 [1991]). We have reviewed SE's remaining contentions and find them to be unavailing.
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.