Matter of Kablan (Medical Delivery Servs.--Commissioner of Labor) (2022 NY Slip Op 00342)





Matter of Kablan (Medical Delivery Servs.--Commissioner of Labor)


2022 NY Slip Op 00342


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

531309
[*1]In the Matter of the Claim of Pierre Kablan, Respondent. Medical Delivery Services, Appellant. Commissioner of Labor, Respondent.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Peter Fidopiastis, Glens Falls, for appellant.
Teresa C. Mulliken, Harpersfield, for Pierre Kablan, respondent.
Letitia James, Attorney General, New York City (Dawn Foshee of counsel), for Commissioner of Labor, respondent.



Pritzker, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 27, 2019, which ruled, among other things, that Medical Delivery Services was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Medical Delivery Services (hereinafter MDS) is a provider of courier services specializing in the transportation of time-sensitive radioactive medications and is regulated by federal and state laws. MDS retained the services of drivers including claimant to transport the medications, and contracted with a payroll company to act as a third-party administrator handling employment related matters for drivers hired by MDS. MDS retained claimant as a driver after he was screened and vetted for qualifications. When this arrangement ended, claimant applied for unemployment insurance benefits. After an inquiry, the Department of Labor concluded that an employment relationship existed and that MDS was liable for additional contributions on remuneration paid to claimant and other similarly situated drivers. Following a hearing, the Unemployment Insurance Appeal Board ultimately found that an employer-employee relationship existed between MDS and claimant and ruled that MDS was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. MDS appeals.
We affirm. It is well settled that "[w]hether an employer-employee relationship exists is a question of fact, to be decided on the basis of evidence from which it can be found that the alleged employer exercises control over the results produced or the means used to achieve the results" (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 521 [1985] [internal quotation marks, ellipsis and citation omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020]). In Matter of Crystal (Medical Delivery Servs.-Commissioner of Labor) (150 AD3d 1595, 1596-1597 [2017]) and a series of subsequent decisions, this Court affirmed findings by the Board that certain claimants performing similar courier services for MDS, under materially indistinguishable circumstances and during the same time period herein, were employees entitled to unemployment insurance benefits (see Matter of Gawrys [Medical Delivery Servs.- Commissioner of Labor], 193 AD3d 1195 [2021]; Matter of Castillo-Mota [Medical Delivery Servs.-Commissioner of Labor], 184 AD3d 924 [2020]; Matter of Ramlall [Medical Delivery Servs.-Commissioner of Labor], 182 AD3d 960 [2020]).
Here, as in the prior MDS cases, the record reflects that MDS exercised or reserved the right to exercise similar indicia of control, including with regard to MDS screening and training claimant, imposing a dress code, setting claimant's rate of pay, handling client complaints, reimbursing claimant for expenses related to the delivery and requiring claimant to adhere to a strict delivery schedule[*2], reporting schedule and submission of invoices. Although here some indicia of control is necessitated by regulatory and legal requirements, which, standing alone, is not sufficient to establish an employment relationship (see Matter of Crystal [Medical Delivery Servs.-Commissioner of Labor], 150 AD3d at 1596; Matter of Bogart [LaValle Transp., Inc.-Commissioner of Labor], 140 AD3d 1217, 1218-1219 [2016]), as we have previously recognized, "the overall control exercised by MDS was beyond such requirements" (Matter of Gawrys [Medical Delivery Servs.-Commissioner of Labor], 193 AD3d at 1197). MDS's further contention that the Board's finding should not be applied to other drivers who are found to be similarly situated likewise is without merit (see Matter of Crystal [Medical Delivery Servs.-Commissioner of Labor], 150 AD3d at 1597; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157-1158 [2015]). As the Board's decision is supported by substantial evidence, it will not be disturbed despite evidence in the record to support a contrary conclusion (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 140; Matter of Castillo-Mota [Medical Delivery Servs.-Commissioner of Labor], 184 AD3d at 925; Matter of Ramlall [Medical Delivery Servs.-Commissioner of Labor], 182 AD3d at 961; Matter of Crystal [Medical Delivery Servs.-Commissioner of Labor], 150 AD3d at 1597).
Egan Jr., J.P., Clark and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.