Matter of Rivera (Northeast Logistics, Inc.--Commissioner of Labor) (2022 NY Slip Op 02463)

Matter of Rivera (Northeast Logistics, Inc.--Commissioner of Labor)

2022 NY Slip Op 02463

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

532504
[*1]In the Matter of the Claim of Paul Rivera, Respondent. Northeast Logistics, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Dorf & Nelson LLP, Rye (David S. Warner of counsel), for appellant.
Salvatore C. Adamo, for Paul Rivera, respondent.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.

Egan Jr., J.P.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 20, 2020, which ruled, among other things, that Northeast Logistics, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Northeast Logistics, Inc. (hereinafter NEL) is a logistics company that, among other things, connects delivery drivers to its clients who seek to transport products. Claimant was engaged as a delivery driver for NEL in 2016, but thereafter applied for unemployment insurance benefits. In June and November 2017, the Department of Labor issued initial determinations finding that claimant was an employee of NEL for purposes of unemployment insurance benefits and that NEL was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Upon NEL's objection, and following a hearing, an Administrative Law Judge (hereinafter ALJ) reversed the Department's determinations and found no employment relationship. Claimant appealed and the Unemployment Insurance Appeal Board reversed the ALJ's determination and sustained the Department's determinations. NEL appeals.
"Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review" (Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [2020] [internal quotation marks and citations omitted]; accord Matter of Paratore [Bankers Life & Cas. Co.-Commissioner of Labor], 199 AD3d 1196, 1197 [2021]). This is so "even [where] there is evidence in the record that would have supported a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020] [internal quotation marks and citations omitted]). "Substantial evidence is a minimal standard that demands only such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Blomstrom [Katz-Commissioner of Labor], 200 AD3d 1232, 1233 [2021] [internal quotation marks and citations omitted]; see Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d 1036, 1036 [2021]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137 [internal [*2]quotation marks, brackets and citations omitted]; see Matter of Hawkins [A Place for Rover Inc.-Commissioner of Labor], 198 AD3d 1120, 1121 [2021]).
The record reflects that, although claimant initially approached NEL about work opportunities, NEL conducted a screening process that included a verification of claimant's relevant licenses and specific insurance coverage. Thereafter, NEL and claimant executed a written "Owner Operator Agreement," wherein claimant was required, among other things, to maintain relevant licenses and insurance, as well as display certain identification and clothing while conducting assignments under the agreement. Claimant and NEL also negotiated a set rate of pay that placed the cost of fuel, vehicles and equipment on claimant, but provided that his pay could nevertheless be increased by a fuel surcharge. Moreover, claimant was required to pay an administrative fee to NEL for each day of services provided. Claimant was further required to provide NEL with proof of his completion of an assignment, such as a client signature. Although NEL did not dictate the route or equipment used to complete an accepted assignment, it did provide claimant with details such as the date, general time and location of each assignment. Client complaints, while generally forwarded to a driver to be resolved, were also fielded by NEL and sometimes handled directly. Claimant was permitted to accept or decline an assignment and could subcontract an accepted assignment without notice to NEL. However, he was required to notify NEL in the event that an accepted assignment could not be completed so that NEL could provide the affected client with a substitute driver. Notwithstanding evidence to the contrary, the foregoing constitutes substantial evidence supporting the Board's decisions finding that NEL exercised sufficient control over claimant to establish an employment relationship (see Matter of Chichester [Northeast Logistics, Inc.-Commissioner of Labor], ___ AD3d ___ [decided herewith]; Matter of Kablan [Medical Delivery Servs.-Commissioner of Labor], 201 AD3d 1220, 1221-1222 [2022]; Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d 1064, 1065 [2022]; but see Matter of Pasini [Northeast Logistics, Inc.-Commissioner of Labor], ___ AD3d ___ [decided herewith]).
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.