Matter of Pasini (Northeast Logistics, Inc.--Commissioner of Labor) (2022 NY Slip Op 02464)

Matter of Pasini (Northeast Logistics, Inc.--Commissioner of Labor)

2022 NY Slip Op 02464

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

532535
[*1]In the Matter of the Claim of Matthew Pasini, Respondent. Northeast Logistics, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Dorf & Nelson LLP, Rye (Andrew P. Marks of counsel), for appellant.
Clea Weiss, Ithaca, for Matthew Pasini, respondent.
Letitia James, Attorney General, New York City (Gary Liebowitz of counsel), for Commissioner of Labor, respondent.

Clark, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 27, 2020, which ruled that Northeast Logistics, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Northeast Logistics, Inc. (hereinafter NEL) is a business logistics company that acts as a broker between delivery drivers and clients seeking to have products transported from one location to another. Claimant entered into an agreement with NEL and was directed to deliver auto parts for Any-Part Auto Stores, one of NEL's clients. After this relationship ended, claimant applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was an employee of NEL and that NEL was liable for unemployment insurance contributions based on remuneration paid to claimant and other similarly situated delivery drivers. NEL objected, and, following a hearing, an Administrative Law Judge sustained NEL's objection and overruled the determination. Upon review, the Unemployment Insurance Appeal Board reversed the decision of the Administrative Law Judge and sustained the Department's determination, finding that claimant was an employee of NEL and therefore was eligible for benefits based upon remuneration paid to him and others similarly situated. NEL appeals.
"Whether there exists an employment relationship is a factual issue for resolution by the Board and its decision will not be disturbed when supported by substantial evidence" (Matter of Jordan [Alterna Holdings Corp.-Commissioner of Labor], 187 AD3d 1264, 1265 [2020] [internal quotation marks and citations omitted]; see Matter of Mayo [Epstein-Commissioner of Labor], 193 AD3d 1199, 1199-1200 [2021]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Escoffery [Park W. Exec. Servs. Inc.-Commissioner of Labor], 180 AD3d 1294, 1295 [2020] [citations omitted]; see Matter of McLaughlin [City of Albany-Commissioner of Labor], 199 AD3d 1132, 1133 [2021]). "Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically" (Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016] [internal quotation marks, brackets and citation omitted]; see Matter of Sischo [Safeguard Props. LLC-Commissioner of Labor], 180 AD3d 1112, 1113 [2020], lv denied 35 NY3d 915 [2020]).
Notwithstanding this Court's conclusions regarding the employment relationship between NEL and other claimants (Matter of Chichester [Northeast Logistics, Inc.-Commissioner of Labor], ___ AD3d ___[*2][decided herewith]; Matter of Rivera [Northeast Logistics, Inc.-Commissioner of Labor], ___ AD3d ___ [decided herewith]), the record before us does not contain substantial evidence to support the Board's determination that claimant was an employee of NEL for purposes of receiving unemployment insurance benefits. The record reflects that, after NEL initially referred claimant to Any-Part,[FN1] NEL did not retain any supervisory authority over him. NEL did not provide any training, set delivery goals for claimant, conduct performance reviews or evaluations, require any proof of delivery or require any contact from claimant on a day-to-day basis. Any-Part assigned the deliveries to claimant and handled any complaints. Claimant used his own vehicle, NEL did not reimburse him for any expenses and claimant was not restricted from working for others. Under the parties' written agreement, claimant could refuse an assignment, but, once he accepted an assignment, he was required to complete it. Per the agreement, claimant was permitted to hire other individuals to perform the work if claimant could not, and claimant was responsible for ensuring that those individuals comply with state and federal regulations, including licensing and insurance requirements. Notwithstanding the Board's identification of certain factors that reflect incidental control by NEL of certain aspects of claimant's services, we conclude that "the record as a whole lacks substantial evidence of the requisite level of control so as to establish the existence of an employer-employee relationship" (Matter of Bogart [LaValle Transp., Inc.-Commissioner of Labor], 140 AD3d 1217, 1220 [2016] [internal quotation marks, ellipsis and citation omitted]; see Matter of Jennings [American Delivery Solution, Inc.-Commissioner of Labor], 125 AD3d 1152, 1152-1153 [2015]; compare Matter of Dorsey [NY GO Express Inc.-Commissioner of Labor], 196 AD3d 941, 942-944 [2021]).
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Unlike other delivery drivers brokered by NEL, claimant was an "everyday opportunity" driver, meaning that he drove for a single client and therefore did not have to contact NEL any further regarding assignments.