Matter of Legros (Northeast Logistics, Inc.--Commissioner of Labor) (2022 NY Slip Op 03295)





Matter of Legros (Northeast Logistics, Inc.--Commissioner of Labor)


2022 NY Slip Op 03295


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

532507
[*1]In the Matter of the Claim of Ali A. Legros, Respondent. Northeast Logistics, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 21, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Dorf & Nelson LLP, Rye (Andrew P. Marks of counsel), for appellant.
Salvatore C. Adamo, Albany, for Ali A. Legros, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.



Garry, P.J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 27, 2020, which ruled that Northeast Logistics, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Northeast Logistics, Inc. (hereinafter NEL) is a logistics company that, among other things, connects delivery drivers to its clients who seek to transport products. Claimant entered into a written owner operator agreement with NEL and delivered automobile parts for its clients. After this relationship ended, claimant applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was an employee of NEL and that NEL was liable for remuneration paid to claimant and others similarly situated. NEL objected, and, following a hearing, an Administrative Law Judge sustained NEL's objection and overruled the determination. Upon review, the Unemployment Insurance Appeal Board reversed the decision of the Administrative Law Judge and sustained the Department's determination, finding that claimant was an employee of NEL and therefore was eligible for benefits based upon remuneration paid to him and others similarly situated. NEL appeals.
"Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d 1064, 1064-1065 [2022] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]; accord Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d 1036, 1036-1037 [2021]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the [purported] employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137 [internal quotation [*2]marks, brackets and citations omitted]; accord Matter of Fiorelli [Stallion Express, LLC-Commissioner of Labor], 201 AD3d 1045, 1046-1047 [2022]).
The record reflects that NEL reviewed claimant's driving record and required that he maintain specific insurance coverage. Documents indicate that NEL could also perform a background check on claimant. Claimant was not assigned to any specific client; rather, he was employed as a "backup" driver, and he would fill in when other drivers could not perform their assignments. NEL's operations manager would contact claimant either the night before or the day of the assignment and provide "the details." Claimant could refuse an assignment, but, once he accepted an assignment, he had to complete it or notify NEL if he could not complete it. Claimant and NEL negotiated claimant's rate of pay, although NEL charged claimant a set administrative fee for each day that he provided services. Claimant was responsible for all expenses, including the cost of fuel, but claimant's pay could be increased during times of high fuel prices. Although the record contains evidence to support a contrary conclusion, the foregoing constitutes substantial evidence to support the Board's determination that an employment relationship exists (see Matter of Rivera [Northeast Logistics, Inc.-Commissioner of Labor], ___ AD3d ___, 2022 NY Slip Op 02463, *2 [2022]; Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d at 1065; Matter of Fiorelli [Stallion Express, LLC-Commissioner of Labor], 201 AD3d at 1047; compare Matter of Pasini [Northeast Logistics, Inc.-Commissioner of Labor], ___ AD3d ___, 2022 NY Slip Op 02464, *2 [2022]).
Lynch, Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.