■ QUIK PARK WEST 57 LLC et al., Appellants-Respondents/Respondents, v BRIDGEWATER OPERATING CORPORATION, Respondent-Appellant/Appellant. [49 NYS3d 112]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered June 5, 2015, which, inter alia, determined that there was no agency relationship between the parties, and order, same court and Justice, entered March 21, 2016, which, inter alia, granted plaintiffs' motion for a declaratory judgment that defendant failed to give the requisite contractual notice of default and opportunity to cure, dismissed defendant's counterclaim for an accounting, in part, its counterclaims for breach of fiduciary duty and conversion, and its request for punitive damages, and denied plaintiffs' motion for summary judgment on their unpleaded breach of contract claim and their cause of action for breach of the covenant of good faith and fair dealing, and denied their requests for a judgment in their favor for $716,666.66 in management fees and a reference to a special referee for a determination of their damages relating to their share of "Net Revenue" under the contract and of their attorneys' fees and costs incurred in this action, unanimously affirmed, without costs.

An agency relationship results from a manifestation of consent by one entity to another that the agent shall act on the principal's behalf and subject to the principal's control (*see Gulf Ins. Co. v Transatlantic Reins. Co.*, 69 AD3d 71, 96-97 [1st Dept 2009]). As a general rule, control of the method and means by which work is to be performed is a critical factor in determining whether one is an independent contractor or an employee (*see Melbourne v New York Life Ins. Co.*, 271 AD2d 296, 297 [1st Dept 2000]).

The court properly concluded that the contract between the parties did not create an agency or fiduciary relationship because it expressly stated that plaintiffs were independent contractors and provided them with substantial control over the operations of the garages, including operating hours, rates, labor schedules, hiring, firing, and management of personnel, and the terms and conditions of space rentals. The issue was properly determined by the court as a matter of law because there was no dispute as to the contract terms (*see id.*).

The record reflects issues of fact concerning whether either party breached the contract due to defendant's failure to provide plaintiffs with the opportunity to cure breaches, and as to whether plaintiffs actually cured the breaches. Plaintiffs' motion for summary judgment on their claim for breach of the covenant of good faith and fair dealing was properly denied on this ground as well. Moreover, plaintiffs' breach of contract claim was not pleaded prior to the filing of their motion.

Defendant's request for punitive damages on its breach of contract counterclaim was properly denied because the conduct alleged was not "aimed at the public generally" (*Fischer v Machon Bais Yaakov*, 176 AD2d 655, 656 [1st Dept 1991]).

Defendant's conversion claim was properly dismissed because it did not result from a legal duty independent of the contract (*see Jeffers v American Univ. of Antigua*, 125 AD3d 440, 443 [1st Dept 2015]).

Referral to the special referee and awards of attorneys' fees and costs pursuant to the contract were premature in that the prevailing party had yet to be determined. Concur—Acosta, J.P., Richter, Manzanet-Daniels, Gische and Webber, JJ.