Caldwell v 4 NYP Ventures (2023 NY Slip Op 05093)

Caldwell v 4 NYP Ventures

2023 NY Slip Op 05093

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Index No. 157607/16, 595007/18 Appeal No. 744M-3782 Case No. 2022-04625 

[*1]Douglas Caldwell et al., Plaintiffs-Respondents-Appellants,
v
4 NYP Ventures et al., Defendants-Respondents, ABM Facility Services, Defendant-Appellant-Respondent.
4 NYP Ventures LLC, Third-Party Plaintiff-Respondent,
v
JP Morgan Chase Bank, N.A., Third-Party Defendant.

McGiff Halverson Dooley LLP, Patchogue (Daniel J. O'Connell of counsel), for appellant-respondent.
Mischel & Horn, P.C., New York (Lauren Bryant of counsel), for respondents-appellants.
Mauro Lilling Naparty LLP, Woodbury (Melissa A. Danowski of counsel), for CB Richard Ellis Real Estate Service, LLC, CBRE Group, Inc. and 4 NYP Venturs, LLC, respondents.
Milber Makris Plousadis & Seiden, LLP, Purchase (Alissa Jimenez of counsel), for Americon Construction, Inc., respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about July 28, 2022, which, to the extent appealed from as limited by the briefs, denied defendant ABM Facility Services' motion for summary judgment dismissing the complaint as against it and granted defendants 4 NYP Ventures LLC, CB Richard Ellis Real Estate Services, LLC, and CBRE Group, Inc.'s motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff Douglas Caldwell allegedly sustained injuries when he slipped and fell on a shelf that detached from a collapsed shelving unit while working for third-party defendant JP Morgan Chase Bank, N.A. (JPMorgan) in an office building owned by defendant third-party plaintiff 4 NYP Ventures LLC (NYP). Defendants CB Richard Ellis Real Estate Services, LLC and CBRE Group, Inc. (together, CBRE) managed the building and defendant ABM Facility Services (ABM) provided janitorial services at the building.
Supreme Court properly denied ABM summary judgment. The court correctly determined that an issue of fact existed as to whether ABM's porter launched an instrument of harm by pulling on a shelf in the shelving unit just before or while it collapsed (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). We decline ABM's invitation to search the record and grant it summary judgment on certain cross-claims (see CPLR 3212 [b]).
The court properly granted CBRE summary judgment dismissing plaintiffs' complaint against it. The court correctly determined that the record evidence establishes, as a matter of law, that CBRE did not assemble the shelving unit that collapsed and thus, CBRE did not launch an instrument of harm (see Espinal, 98 NY2d at 140). Plaintiff's testimony regarding who assembled the shelving unit does not raise a triable issue of fact because it is speculative and does not implicate CBRE. The court also correctly determined that the record evidence also establishes, as a matter of law, that ABM was an independent contractor rather than an agent of CBRE or NYP (see Kleeman v Rheingold, 81 NY2d 270, 273-274 [1993]; Quik Park W. 57 LLC v Bridgewater Operating Corp., 148 AD3d 444, 445 [1st Dept 2017]; Melbourne v New York Life Ins. Co., 271 AD2d 296, 297 [1st Dept 2000). The record evidence shows, at most, that NYP and CBRE retained general supervisory powers over ABM, which are insufficient to support vicarious liability (e.g. Melbourne, 217 AD2d at 297; see also Matter of Yoga Vida NYC, Inc. (Commissioner of Labor), 28 NY3d 1013, 1016 [2016]). Thus, plaintiff cannot hold NYP or CBRE vicariously liable for ABM's alleged negligence.
The court also properly granted NYP summary judgment dismissing plaintiffs' complaint as against it. The court correctly determined that the record evidence establishes, as a matter of law, that NYP was an out-of-possession landlord that did not have any relevant contractual obligation to repair or maintain the premises (see Padilla [*2]v Holrod Assocs. LLC, 215 AD3d 573, 573 [1st Dept 2023]). Although NYP had a contractual obligation to clean certain portions of the office building, plaintiffs do not contend that the accident was caused by negligent cleaning or a significant structural or design defect that is contrary to a specific statutory safety provision. To the extent the plaintiff argues that NYP had prior notice of the defective condition, "[a]n out of possession landlord may not be held liable even if it had notice of the defective condition prior to the accident" (Padilla, 215 AD3d at 574). Plaintiffs cannot maintain their claims
against NYP premised on vicarious liability for CBRE or ABM's alleged negligence because as discussed above, CBRE owed no duty to plaintiff and ABM was an independent contractor. M-3782 — 4 NYP Ventures, LLC v JP Morgan Chase Bank, N.A.
Motion to strike portion of the record and certain
respondents' briefs denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023